### David Thomas MACMILLAN, Petitioner–Appellant,

v.

### Stephen PONTESSO, Warden, Respondent–Appellee.

No. 02–16749.

D.C. No. CV–00–02419–EHC.

United States Court of Appeals, Ninth Circuit.

---

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

Federal prisoner David Thomas MacMillan appeals the district court's order dismissing with prejudice his 28 U.S.C. § 2241 petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. 2253, and we affirm.

MacMillan was disciplined by a loss of good time credits for committing a prohibited act in prison in violation of Code 201, "Fighting With Another Person." He contends that his punishment violated the Due Process Clause because his involvement in the fight was limited to self defense and because the Disciplinary Hearing Officer ("DHO") was biased.[1]

We are not persuaded. MacMillan called two witnesses on his behalf at the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. MacMillan also argues that Code 201 violates Due Process because it supposedly does not permit a prisoner to raise self defense as either a factor in mitigation or as a complete justification for the offense. Initially, we note that even if MacMillan has a constitutional right to assert self-defense, the fact that he was not permitted to assert that right in whole or in part in response to an alleged violation of Code 201 does not necessarily render Code 201 unconstitutional. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal

prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *see also Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."). However, the record indicates that MacMillan asserted a self defense claim that was noted and rejected during the review process. Accordingly, we see no need to reach the constitutional issue on these facts. *See Meinhold v. United States Dep't of Def.*, 34 F.3d 1469, 1474 (9th Cir. 1994) ("Prior to reaching any constitutional questions, federal courts must consider non-constitutional grounds for decision.") (quoting *Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985)).

hearing and made a statement in his defense. On the evidence presented, the DHO could reasonably have concluded that MacMillan had the opportunity to avoid or diffuse the impending confrontation with his adversary, or to walk away before fisticuffs erupted, and that by instead returning the blow MacMillan was engaged in "fighting."

Nor do we accept MacMillan's assertion that the DHO was biased. The single factual inaccuracy in the DHO's report identified by the Regional Director on review was not central to the DHO's finding and does not amount to a showing of bias. In sum, we conclude that MacMillan received the full measure of due process entitled to him in the disciplinary hearing. *See Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (noting that due process is satisfied by advance written notice of the disciplinary charges, an opportunity to call witnesses, a written statement by the DHO, fair treatment by the DHO, and findings supported by "some evidence in the record") (citing *Wolff v. McDonnell,* 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

**AFFIRMED.**